I. L. DAVIS, Appellant, v. MISSOURIAN PUBLISHING ASSOCIATION.—19 S. W. (2d) 650.

Division Two, August 6, 1929.

696

*Dorsey W. Shackelford* and *Ruby M. Hulen* for appellant.

*Harris, Price & Alexander* and *Clark, Boggs & Peterson* for respondent.

DAVIS, C.—This an action for libel. At the close of defendant's evidence, the jury, at the direction of the trial court, returned a verdict for defendant, and, after an unsuccessful motion for a new trial, plaintiff appealed from the judgment entered on the verdict.

The evidence adduced on behalf of plaintiff warrants the finding that plaintiff, a contractor, was, at all times mentioned herein, a member of the council of the city of Columbia, a municipal corporation, and that defendant was the publisher of a newspaper in said city. In 1924 the city, without letting a contract, arranged to build an addition to its water-and-light plant. One Loomis was employed

to superintend the construction thereof. To facilitate matters, the city council appropriated a fund, which was deposited in a bank in the name of R. H. Gray, secretary, and A. D. Donner, superintendent, of Water & Light Department. They paid the bills, including payrolls, which they reported every two weeks to the council, with vouchers, resulting that the council, by ordinance, would appropriate the equivalent of the sums expended during the period.

Loomis, once a partner of plaintiff, had been associated with him in business for fifteen or twenty years. On completion of the addition he again entered the employ of plaintiff. Loomis, during the absence of plaintiff and without his knowledge, appropriated the use of certain construction equipment and machinery owned by plaintiff. This equipment and machinery were used by Loomis in the construction of the addition. Plaintiff knew nothing of its use until it had been appropriated for that purpose, but, after discovering it, he acquiesced in its use by Loomis. He and Loomis stated that there was no agreement or understanding that plaintiff was to be paid by the city for the use thereof. Work commenced on the addition in September, 1924, and it was completed in May, 1925. On June 15, 1925, Loomis presented a statement to the city council, addressed to the Water & Light Committee of the city of Columbia, stating, in substance, that he proceeded to rent or hire this necessary equipment, consisting of a concrete mixer, etc., from Mr. I. L. Davis, amount due $403.20. On the statement appears the notation: "O. K. No. 870. Approved for payment by the city council. June 15, 1925." The minutes of the council of June 15, 1925, show that the account was ordered paid from the Plant Construction Fund, Mr. Davis, not voting. On June 20, 1925, Gray and Donner executed a check on the Power Plant Extension Fund for $403.20 to plaintiff, which was indorsed and deposited by his bookkeeper to his account in the bank and which he accepted, as the evidence develops. Plaintiff stated that he told the council that he was not making any charges whatever.

In the issues of its newspaper of June 16, 1925, in substance, defendant commented that, after a discussion of the legality of payments by the city to council members for services rendered, following a report by Loomis that he had rented certain necessary equipment from plaintiff, the city council decided to pay Councilman Davis, plaintiff, for the rent of certain equipment used in erecting the water and light plant addition.

The newspaper article, appearing on November 12, 1925, complained of as libelous, is headed: "Discussion of City Manager Plan Tonight. Advocates Issue Comparative Statement of Water & Light Plant. No Invoices for $1534.22. City Council Has Not Passed on

Fund For New Addition to Building." The article, in substance, narrates that an open-air discussion of the city-manager form of government will be held, naming the places of meeting and the principal speakers. The pertinent portion of the article, after stating that a comparative statement of the water-and-light department for the years ending July, 1924, and July, 1925, has been made by those interested in the adoption of the city-manager plan, reads:

"This statement shows that the fund created by the council for the construction of the addition to the water-and-light plant has not been made regular by an appropriation from the council. The books of the water-and-light department still show that $7726.56 was spent from this fund, but the expenditures have not yet been approved by the council. This approval will have to be given by the council and an appropriation made to replace this amount in the revolving fund, in order that R. H. Gray and A. D. Donner may complete their records as former officials of the department and custodians of this fund.

"No invoices are filed in the records of the water-and-light department to cover the expenditure of $1534.22 of the $7726.56 not yet approved by the council. Of this amount not approved by the council a check for $251 was paid to J. E. Hathman and one for $403.20 to Ira L. Davis."

On November 16, 1925, the city council passed an ordinance, plaintiff voting *aye*, which ordinance, later approved by the mayor, reads:

"Section 1. That in compliance with the recommendations of the auditors of the Water & Light Department books, there be and there is hereby transferred from the Water & Light Fund to the Power Plant Fund the sum of $7726.56 and that there be and there is hereby transferred to the Emergency Fund from the Water & Light Fund the sum of $124.64.

"Section 2. This ordinance shall take effect and be in force from and after its passage and approval."

On cross-examination of the plaintiff, the following occurred:

"Q. You wanted to donate that much to the job? A. Well, if necessary.

"Q. What do you mean by 'if necessary'? A. If they had never offered me anything—there had never been any charges and would not have been to this day.

"Q. You didn't intend to present any claim against them? A. No.

"Q. But you did intend to receive anything they gave you? A. Well, it was like a contribution to a church. I took it, as a donation.

"Q. You considered that the payment of your claim was a donation to you? A. Yes, sir."

In behalf of defendant there was introduced in evidence a written report of auditors who had been employed, in the summer of 1925, by the city of Columbia, to examine the records of the Power Plant Extension Fund. The report states that $7726.56 paid out of the fund had not been appropriated back to the fund in the regular way by the city council. Included in this amount was the check of June 20, 1925, for $403.20, issued to and accepted by plaintiff. A note to the report commented that the auditors had been unable to locate invoices for certain items, among which the check for $403.20 was included.

Defendant introduced in evidence an article published in its issue of October 23, 1925, reading:

## "ITEMS NOT YET APPROVED.

"Of the amounts paid out that have not been approved by the council, $5668.67 is represented by invoices on file in the office of the secretary of the water-and-light department. The auditors were unable to locate invoices amounting to $1534.22. Of the amount for which there are no invoices to show, $523 is represented by an ·error in refund on the payroll, and 67 cents represents an error in entering a check. The bills that were paid from the temporary fund for which no invoices were found by the auditors, were as follows: Employees' payroll, $14.60; J. N. Fellows, stone, $356.64; Cotton Lumber Company, cement, $554.40; emergency fund, freight on car of cement, $87.78; Tiger Transfer Company, drayage, $14.87; Wabash Railway, freight, $101.13; George Roberts, payroll, $1.60; Ira L. Davis, payroll, $403.20.

"In the list of bills paid from the temporary fund that have not as yet been approved by the council there is also a payment of $251 to J. E. Hathman for payroll."

Other facts, if any, will appear in the course of the opinion.

I. The action of the trial court in directing a verdict for defendant is assailed. Plaintiff first asserts that the publication objected to is libelous *per se,* because it charged that plaintiff, while a member of the council of the city of Columbia, was guilty of graft and corruption in office in that he illegally obtained money from said city without the knowledge and approval of the city council.

We are unable to view or construe the article as does plaintiff. It does not charge, either expressly or impliedly, that plaintiff was guilty· of graft or corruption in office. The article develops that it referred to a comparative statement made by those interested in the adoption of the city-manager plan of government, and that the state-

ment shows irregularities in the account of the water-and-light fund, which it was necessary for the city council to make regular by approval and appropriation to complete the records of the former officials of the department and custodians of the fund. We are unable to see that the publication charged plaintiff with graft or corruption, because he accepted from the city a check for an item which the city council had not approved. The article is not directed either to a misfeasance or malfeasance of plaintiff, but wholly to an irregularity on the part of the city council, resulting from technical ignorance of correct procedure or inadvertence. The statement that the fund had not been regularly approved and appropriated by the city council in no wise reflects upon plaintiff personally. It is merely a synopsis of a report to the effect that the city council failed strictly to follow legal requirements with respect to appropriations. As the article appears, it is a mere matter of news, a resume of a report without criticism. It is true that the article states that no invoice with respect to a check for $403.20 to plaintiff is filed in the records, and that this amount was not approved by the council, but even so, it cannot be said that either fact charges plaintiff with graft or corruption, in that he illegally obtained money from the city. Suffice it to say that the city council and the mayor deemed it, at least, a debatable question as to whether the money had been regularly and legally appropriated, for, on November 16, 1925, the city council passed an ordinance appropriating the money, among others, covering the item of $403.20 paid to plaintiff, and the mayor signed it. Be that as it may, the article cannot be construed to mean that plaintiff was guilty of graft or corruption in office.

II. It is further said that the article complained of charged that plaintiff, a member of the city council, was guilty of unlawfully having an interest in a contract with said city and in work done by it, and in furnishing supplies for said city and its institutions. The article complained of goes no further than stating that plaintiff received a check from the city, through its water-and-light department, from a fund created by the council for the construction of an addition to its water-and-light department, and that this amount so paid by check to plaintiff, among others, had not been made regular by an appropriation, but that it would have to be appropriated. In addition, the article stated, in effect, that no invoice was found in the records of the water-and-light department to cover this check. The evidence shows that the statement of Loomis to the council, wherein he advocated payment to plaintiff for the use of the equipment, recites that he proceeded to rent or hire this necessary equipment from plaintiff. Plaintiff ad-

mitted that, in pursuance to the statement presented by Loomis to the council and the approval of it by the city council, as noted on the statement, he accepted and received the benefit of the check. The matter resolves itself into this: If the receipt and acceptance of the check by plaintiff in payment of the use of his equipment was a violation of Section 8237, Revised Statutes 1919, proscribing a city officer from directly or indirectly being interested in any contract under the city, or in any work done by the city, or any of its institutions, then if the article so charges, it was true, and plaintiff may not complain. On the other hand, if the acceptance of the money was not a violation of law, then the statement that he received the money was not libelous, for it was true, as he admits. If it was no offense to receive the money under the circumstances détailed in the evidence, then it was no offense for the article to state that plaintiff received the money. The fact stated was true. It cannot be construed by innuendo to mean more than its plain import that plaintiff received and accepted the check from the city out of a fund created for the construction of an addition to its water-and-light plant. Inasmuch as the statement was true, it was not only not libelous, but, under the facts and circumstances, it was incapable of being amplified by inducement and innuendo.

III. Plaintiff further contends that, even though the article was qualifiedly privileged as a comment, still defendant knew that it was false and its falsity destroyed the privilege. The portion of the article said to be false reads: "No invoices were filed in the records of the water-and-light department to cover the expenditure of $1534.22 of the $7726.56 not yet approved by the council. Of this amount not approved by the council a check for $251 was paid to J. E. Hathman and one for $403.20 to Ira L. Davis." To demonstrate the falsity of the article complained of and defendant's actual knowledge of its falsity, plaintiff refers to the publication of defendant of June 16, 1925, which tends to show that the issue commented that, after a discussion of the legality of payments by the city to council members for services rendered, following a report by Loomis to them that he had rented certain equipment from plaintiff, the city council decided and voted to pay plaintiff for the rent of certain equipment used by the city in erecting the water and light addition.

The evidence shows that the auditors, certified public accountants, were employed by the city to audit the books and accounts of the water and light department of the city of Columbia, and, in order to bring the account in accord with the temporary fund appropriated to erect the addition, they recommended in their report that the ex-

penditures from the temporary fund, aggregating $7726.56, be approved by the city council, included in which was the check for $403.20 paid to plaintiff. A note to the report stated the auditors' were unable to locate an invoice, among others, covering the check to plaintiff.

(a) Even though the evidence tends to establish that the publication was false, because it was shown that the city council approved the account presented by Loomis for $403.20, and later paid plaintiff, yet, as the publication, even though false in that respect, does not charge plaintiff with moral turpitude, or with a violation of law or the commission of a crime, or expose him to public hatred, ridicule or contempt, it was not libelous *per se*. Moreover, it is a plain statement of facts that inducement and innuendo are incapable of amplifying. Inasmuch as plaintiff received the money as related, it is sufficient to say that it is not libelous, *per se* or otherwise, to publish that a person, even though he be a councilman, was paid money from the city's building fund without the approval of the city council.

(b) Supplementing our ruling immediately preceding, we think the publication was qualifiedly privileged. The evidence shows that the certified public accountants were employed by the city to audit the books and accounts of the water-and-light department, and that their report was addressed to the mayor and city council of the city of Columbia. The report thus became a matter of public concern and public interest, a quasi-public document so to speak, that gave the defendant the right to communicate it to others, provided defendant fairly and in good faith substantially quoted or epitomized its contents and meaning. [State ex rel. v. Cox, 318 Mo. 112, 298 S. W. 837.] It is the rule that an alleged defamatory article must be read in its entirety and interpreted from its four corners. [State ex rel. v. Cox, supra.] Conceding that the comment, *the check for $403.20 paid plaintiff was not approved by the city council,* standing alone, was false, yet, when read in connection with the article in its entirety, we see nothing more in it than the thought that a technical irregularity exists relative to the water-and-light department appropriations, and that, to obviate the irregularity and complete the records, it will be necessary for the council to regularly appropriate the funds. Even though we could say that the publication was intended as a criticism, yet, if it was such, it criticised the city council rather than plaintiff. Taken in its entirety, the publication was a fair summary of a document of public interest and was qualifiedly privileged.

The judgment is affirmed. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.