## CHAMBERS v. NATIONAL BATTERY CO.
### No. 511.

District Court, W. D. Missouri, W. D.
Aug. 29, 1940.

Brooks & Zimmerman, of Kansas City, Mo., for plaintiff.

Mosman, Rogers & Bell, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The issue raised by the foregoing motions is whether said count, which is for libel and slander, contains language libelous per se or libelous per quod. At one time it is alleged words were printed concerning the plaintiff and at other times defamatory language was spoken concerning the plaintiff.

The principal complaint is laid upon the language of a letter from defendant to plaintiff and written pursuant to the provisions of Section 4588, R.S.Mo.1929, Mo. St.Ann. § 4588, p. 2026. This statute requires corporations to grant letters of dismissal to employees, whether discharged from service or voluntarily quitting such service. The letter granted at the request of plaintiff contained the following language: "Over a period of several months, you were warned that your work was not satisfactory because of indifference, lack of cooperation, and lack of ability. After several warnings we were obliged to discharge you on January 13, 1938 because of inexcusable carelessness on your part in handling shipments."

This language, it is charged, was published to the stenographer who took the dictation for transcription. Counsel for plaintiff contends that it was libelous per se and that under such circumstances it was not necessary to incorporate in the complaint allegations in the nature of an inducement, colloquium or innuendo or averments of special damages.

Other parts of the count refer to alleged slanderous statements and not to libel. Doubtless separate counts should have been made with respect to libel and slander for the reason that under the Missouri law a jury will adjudge the law in libel cases whereas in slander cases a different rule applies as the judge declares the law.

Adverting, however, to the question as to whether the language is defamatory per se, it is only necessary to refer to the

Missouri statute defining libel. This is Section 4366, R.S.Mo.1929, Mo.St.Ann. § 4366, p. 3024. Pertinent portions thereof are as follows: "A libel is the malicious defamation of a person made public by any printing, writing, sign, picture, representation or effigy tending to * * * deprive him of the benefits of public confidence and social intercourse * * *."

This definition is controlling both in civil as well as criminal cases in the State of Missouri. The Missouri statute, however, does not contain a definition for slander, and, in consequence, the common law as interpreted by our courts must be looked to for an appropriate definition. 36 C.J., Section 4, p. 1146, contains such a definition, as follows: "But in modern usage it has been limited to defamation by words spoken, and in this sense may be defined as the speaking of base and defamatory words which tend to the prejudice of the reputation, office, trade, business or means of getting a living of another."

It will be observed from both the statutory definition of libel (which is controlling) and the common law or common usage definition of slander that a person is protected against the use of language, whether written or spoken, that would tend to deprive him of the benefits of public confidence and social intercourse, or, as in the case of slander, words which would tend to his prejudice as relate to his means of getting a living. Moreover, the rule is that, in determining whether words either spoken or written are of slanderous character, such words must be given the natural and popular construction of the average man and not the critical analysis of a mind trained in technicalities. Swift & Co. v. Gray, 9 Cir., 101 F.2d 976.

Applying the foregoing principles to the language above quoted, it is obvious that the language used in the letter would have a tendency to deprive the plaintiff of the benefits of public confidence and would prejudice him in his means of obtaining a livelihood. Since the language when thus understood would have that tendency, it would follow that it is libelous per se, and neither inducement, colloquium nor innuendo would be necessary for the statement of a good cause of action.

The case of Davis v. Missourian Pub. Ass'n, Inc., 323 Mo. 695, 19 S.W.2d 650, does not and could not oppose this rule. For instance, Judge Davis says in substance that a publication would be libelous per se if it had the obvious effect to "expose him to public hatred, ridicule or contempt." Certainly the language here observed would have that tendency or effect.

The motion to strike, therefore, will be denied.

The motion for a more definite statement relates to the slander portion of Count II of plaintiff's petition. It is charged that an officer or an agent of the defendant spoke of and concerning the plaintiff, the words: "Chambers shipped some batteries wrong,"

And, again: "Chambers won't play ball with me and that is the reason I discharged him."

These words are not harmful or prejudicial within themselves. They may be slanderous per quod, and the plaintiff might be able to establish that fact. However, in order to make the words applicable as slanderous it would be necessary both for the plaintiff to allege inducement, a colloquium, as well as an innuendo, and this would have to be supplemented by averments of special damages. General damages cannot be recovered for matter that is merely libelous per quod.

This is not true with respect to paragraph 4, where the alleged slanderous language is: "Chambers is a labor agitator; is an undesirable employee; is inefficient, careless and indifferent, and lacks ability, and worst of all is sympathetic to Union activities, and the organization of employees."

Those portions which refer to him as a labor agitator and to his union activities would not be libelous per se, if at all.

Other portions of the alleged slanderous statement are libelous per se. It will not be necessary, therefore, for the plaintiff to amend his petition with respect to this language.

The cases examined and which treat the subject of libel per se include Albert Miller & Co. v. Corte, 5 Cir., 107 F.2d 432. The language there, while somewhat cryptic, nevertheless was held as libelous per se by a majority of the court, and, accordingly, inducements, colloquia and innuendoes and special damages were held not necessary in the averments of the complaint.

The Supreme Court of Missouri, in the case of Eby v. Wilson, 315 Mo. 1214, 289

S.W. 639, 50 A.L.R. 268 in a full and exhaustive opinion held that for one to complain that he held an unsatisfied mortgage on an automobile sold by another was libelous if put in writing and published. Judge Lindsay, one of the Commissioners of the Supreme Court, collated the authorities and clearly defined the difference between matters libelous per se and publications libelous per quod.

My views as above expressed will enable the parties to adjust their pleadings. The meaning of it is that motion to strike is overruled in toto, and the motion for a more specific statement is sustained in part and overruled in part.