**GRAFFIUS v. WEATHER-SEAL, Inc.**
Civil Action No. 23056.

District Court, N. D. Ohio, E. D.
March 12, 1946.

126

Chas. F. Schnee and Scott A. Belden, both of Akron, Ohio, for plaintiff.

Bruce W. Bierce, of Akron, Ohio, and Howard F. Burns, of Cleveland, Ohio, for defendant.

JONES, District Judge.

The plaintiff's complaint sets up two causes of action. The first is for breach of contract in failing to deliver certain storm doors and windows within the time provided by the contract. The plaintiff alleges that, solely because of the delays in delivery, it sustained damages due to increased cost of overhead and mechanical supervision ($1,000), increased cost of storage ($320), loss of profits from billings ($18,900), loss of profits from sales ($20,000), increased cost of material which was substituted for defendant's products ($3,000), and products made specially for plaintiff's customers which were received so late that the customers would not accept them ($850).

The second cause of action is for conspiracy, unlawful interference with contract and for defamation of business by reason of which the plaintiff alleges that it was damaged in the sum of $50,000.

Defendant has moved for a more definite statement or a bill of particulars of various matters which fall within three general categories: (1) The exact terms of the alleged contracts between the parties, as amended and supplemented, and a request that copies of the contract, amendments and supplements be furnished as part of the bill of particulars (Pars. 1, 2, 3, and 4); (2) a more specific statement of the special damages alleged in the complaint, including a specification of the contracts with third parties from which special damages are claimed to have arisen (Pars. 5 to 15, inclusive, 17, 18, 20 and 21); and (3) the details of the alleged conspiracy between defendant and plaintiff's employees, including the names of plaintiff's employees and defendant's officers or employees who engaged in the conspiracy (Pars. 16 and 19).

The plaintiff says that the contract was amended and supplemented several times by correspondence between the parties, and he, therefore, elected to plead it according to its legal effect rather than

verbatim or by attaching copies to the complaint. Any of the three methods is permissible under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See Notes to Forms 3 and 12; Maryland Casualty Co. v. Kelly, D.C., 3 F.R.D. 28. If the defendant does not have copies of the contracts, it can obtain them by a motion for production of documents under Rule 34.

Under Rule 12(e) of the Federal Rule of Civil Procedure, courts have generally held that a motion for a more definite statement or for a bill of particulars will not be granted except when necessary to enable the party to prepare his responsive pleading. The matters obtainable by a bill of particulars are thus limited to ultimate facts. In obtaining information as to evidentiary matters, the party is relegated to the various methods of examination and discovery provided by Rule 26 et seq. Slusher v. Jones, D.C., 3 F.R.D. 168; Best Foods, Inc. v. General Mills, Inc., D.C., 3 F.R.D. 275; Wisconsin Alumni Research Foundation v. Vitamin Technologists, D.C., 1 F.R.D. 8; S. E. C. v. Timetrust, D.C., 28 F.Supp. 34; Kuhn v. Pacific Mutual Life Ins. Co. D.C., 37 F.Supp. 100; Kellogg Co. v. National Biscuit Co., D.C., 38 F.Supp. 643. As all of the matters in the second category are evidentiary in nature, the motion for a bill of particulars as to those matters will be denied.

Rule 9(g) of the Federal Rules of Civil Procedure provides that, "When items of special damage are claimed, they shall be specifically stated." The plaintiff has particularized the items of damage he claims in his first cause of action. In the second cause of action, the alleged damages are for injury to plaintiff's business and are unliquidated.

The plaintiff alleges in his second cause of action that "the defendant entered into an unlawful conspiracy with one or more of certain trusted employees of the plaintiff." In Mulloney v. Federal Reserve Bank of Boston, D.C., 26 F.Supp. 148, the court directed the plaintiff, in an action for conspiracy to cause failure of a bank, to furnish a bill of particulars naming the defendants or their agents who participated

in the alleged wrongful acts and the persons to whom the defamatory statements were made. In this view and under these circumstances the requested particulars seem proper and reasonable, and for that reason will be granted.

The remaining matters in the third category are evidentiary, and the motion with respect to them will be denied.

Accordingly, order may be entered upon these rulings.