**556**

## BOYKINS v. GENERAL MOTORS CORPORATION et al.

No. 5875.

United States District Court
W. D. Missouri, W. D.

Oct. 17, 1949.

John W. Hudson, Kansas City, Mo., for plaintiff.

Tucker, Murphy & Wilson, Kansas City, Mo., for defendant General Motors and Theodore E. Nelson.

REEVES, Chief Judge.

The petition in the above cause is in three counts. The first count charges that the defendants gave to the plaintiff an "improper" letter of dismissal as an employee of the corporate defendant. The plaintiff prays damages on the first count because of such alleged "improper" letter. The impropriety alleged in the giving of such letter is the claimed failure to comply with the provisions of Section 5064, Mo.R.S.A.

The second count charges libel because of the publication of said letter, and the third count claims damages for assault upon plaintiff made by an agent and representative of the corporate defendant in the course of his employment.

The motion for a more definite statement has been examined. It seeks only to obtain information without which the corporate defendant alleges that "it cannot reasonably be required to frame a responsive pleading thereto and will be unable to prepare its defenses to the action."

1. The purpose of a motion for a more definite statement is to clarify the issue tendered by complainant. The matter called for by the movant is the exact equivalent of the former rule with reference to a bill of particulars. Such a rule has long since been eliminated from the rules of civil procedure in the federal courts and in every case the movant has been relegated to the discovery rules.

The provisions of Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A., do not require the plaintiff to amplify his averment as requested by the corporate defendant. There are no ambiguities in the averments, but, even so, the language "must be resolved in favor of the claim attempted to be stated". Clyde v. Broderick, 10 Cir., 144 F.2d 348, loc. cit. 350. Before the deletion of the rule for a bill of particulars the courts repeatedly said that, "a motion for a more definite statement or for a bill of particulars will not be granted except when necessary to enable the party to prepare his responsive pleading." Graffius v. Weather-Seal, Inc., D. C., 7 F.R.D. 125, 127.

2. While no motion has been filed to dismiss Count 2, it is questionable whether, upon the averments, a cause of action is stated. In libel cases there must be a publication. See Section 4758, 13 Mo.R.S.A; Harbison v. Chicago, R. I. & P. Railway Company, 327 Mo. 440, 441, 37 S.W.2d 609, 79 A.L.R. 1; Campbell v. Willmark Service System, Inc., 3 Cir., 123 F.2d 204.

The writer is mindful of and recalls the opinion in Chambers v. National Battery Co., D. C., 34 F.Supp. 834. The fourth syllabus of the report does not state the basis of the ruling in that case. On page 835 of 34 F.Supp. the following statement appears: "This language, it is charged, was published to the stenographer who took the dictation for transcription."

This was the only publication.

Count two of the complaint in this action contains the averment that the defendants "did falsely, maliciously and wrongfully cause to be dictated, transcribed, written and published, a certain letter, etc." Under our liberal rules of pleading this may be sufficient and a motion to dismiss would probably not be justified.

In view of the above, the motion for a more definite statement should be and will be overruled.