**Howard Lee WHITE, Plaintiff,**

v.

**ALFRED A. KNOPF, INC., Publishers, New York, New York, et al., Defendants.**

Civ. A. No. 19392–3.

United States District Court,
W. D. Missouri, W. D.

May 19, 1971.

———◆———

Howard Lee White, pro se.

No appearance for defendants.

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING COMPLAINT

WILLIAM H. BECKER, Chief Judge.

Plaintiff's former complaint in this Court, filed while he was still confined in the United States Medical Center for Federal Prisoners, alleged that Fawcett Publications had published in *True* magazine a libelous article respecting plaintiff's purported criminal history. The complaint in that case was dismissed because the claim was barred by the applicable Missouri statute of limitations.

See White v. Fawcett Publications (W. D.Mo.) 324 F.Supp. 403.

On May 7, 1971, this Court received a letter from plaintiff in which he states that the "identical lies about me" have been published in a new book, *I Chose Prison*, by James V. Bennett of Washington, D. C. The letter indicates that plaintiff is now imprisoned in the United States Penitentiary, Leavenworth, Kansas. Plaintiff has submitted the following "complaint" with his letter:

"Howard Lee White your plaintiff is an indigent federal prisoner who is to be confined in the U.S. Penitentiary, Leavenworth, Kansas. Prior to federal prison confinement, plaintiff was (and is) a citizen of the State of Tennessee.

[Although plaintiff contends to be confined in Leavenworth Penitentiary currently, the return address on the envelope indicates that he was still in the federal institution at Lompoc, California, at the time of the mailing of the "complaint."]

"Defendants Alfred A. Knopf, Inc. Publishers and Random House, Inc. publishers are corporations licensed under the laws of the State of New York.

"Defendant (author) James V. Bennett is a citizen of Maryland, residing in New York and Washington, D. C.

"Plaintiff complains that the defendants have written, published and circulated a book entitled 'I chose prison' (copyrighted, 1970, by James V. Bennett) in which, starting at page 124, in said book, libel per se is committed by defendants against plaintiff Howard Lee White.

"Defendants are guilty of libel per se against plaintiff in book, 'I Chose Prison' (supra) in that they charged, alleged, and published as true fact that Howard Lee White, under his recorded alias, 'Austin Wynn' committed various felonious and illegal acts whereas in fact, he [has] never been charged, indicted or convicted in a court of law for any act attributed to him by the defendants (supra) in book 'I Chose Prison.'

"Therefore, plaintiff Howard Lee White asks for the sum of five million ($5,000,000.00) dollars as judgment against the defendants for having committed the infamous act of libel per se against your plaintiff."

Plaintiff requests leave to proceed in forma pauperis, stating conclusionally his indigency. Leave to proceed in forma pauperis, to save time and unproductive effort will be granted.

■ The complaint submitted by plaintiff, however, must be dismissed, for the following reasons:

(1) No basis of federal jurisdiction is stated in the complaint. Apparently, plaintiff seeks to invoke the diversity jurisdiction of the federal district court under Section 1332, Title 28, United States Code. But plaintiff does not state either the states of incorporation or principal places of business of the defendant corporations, which are the determinants of corporate citizenship for diversity purposes under the provisions of Section 1332(c), Title 28, United States Code. Plaintiff alleges diversity of citizenship between himself and the individual defendant Bennett, but diversity with respect to all defendants must be stated in order to invoke federal jurisdiction under the diversity statute. Godfrey v. Terry, 97 U.S. 171, 7 Otto. 171, 24 L.Ed. 944. The complaint does not reveal any other possible basis of federal jurisdiction. It should therefore be dismissed for lack of federal jurisdiction.

■ (2) Plaintiff does not effectively state a claim of libel. Under applicable Missouri law, "In an action for slander or libel the words alleged to be defamatory must be pleaded and proved. It is also essential that it be alleged that the accusation was untrue." Holliday v. Great Atlantic & Pacific Tea Company

(C.A.8) 256 F.2d 297, 302. Plaintiff does not set out the words which he contends are libelous and he does not sufficiently state that they are untrue. He states only that he has never been convicted of charges of such offenses as are described in the book, not that he did not commit the acts described. The complaint should be dismissed, then, upon the separate and independent ground of failure to state a claim in libel.

■ (3) Even if federal jurisdiction were stated and a claim in libel were stated, under the other facts alleged in the complaint, venue in this district would not be proper. Under the applicable provisions of Section 1391(a), Title 28, United States Code.

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

Under the allegations of the complaint, at least one of the defendants, Bennett, does not reside in this district and the claim is not alleged to have arisen here. It is unlikely that either of the corporate defendants reside in this district. For venue purposes, a corporation is a resident where it is doing business or licensed to do business or where it is incorporated. Section 1391(c), Title 28, United States Code. No allegations in this regard are made by plaintiff. The complaint should be therefore dismissed for the additional reason that venue in this district is improper.

For the foregoing reasons, it is

Ordered that plaintiff be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the complaint herein be, and it is hereby, dismissed.