The MISSOURI CHURCH OF SCIEN-
TOLOGY, Plaintiff-Appellant,

v.

James E. ADAMS et al.,
Defendants-Respondents.

No. 59377.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1976.

Thomas J. Frawley, St. Louis, for appellant.

Michael P. Casey, St. Louis, for respondents.

FINCH, Judge.

Plaintiff, a Missouri not-for-profit religious corporation, sued two writers for and the publisher of the St. Louis Post-Dispatch for libel on the basis of a series of five articles which were published March 3 through 7, 1974. The petition sought $500,-000 actual plus $2,000,000 punitive damages. Defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. That motion was sustained and plaintiff appealed to the Missouri Court of Appeals, St. Louis District, which affirmed. We then sustained plaintiff's application under Rule 83.03 [1] to transfer and we now decide the case as though here on direct appeal. We affirm.

Plaintiff seeks recovery on the basis of libel per se, not libel per quod. In such a case, "[p]ublished words in a written communication which are defamatory within the meaning of Section 559.410, RSMo 1959, V.A.M.S., without the aid of extrinsic facts, referred to as libelous per se, are actionable. *Langworthy v. Pulitzer Publishing Company*, Mo., 368 S.W.2d 385; *Chambers v. National Battery Co.*, D.C., 34 F.Supp. 834; 53 C.J.S. Libel and Slander §§ 8 and 162." *Brown v. Kitterman*, 443 S.W.2d 146, 149 (Mo.1969). Whether the allegedly libelous words or statements are libelous per se is a question of law which the court may decide on a motion to dismiss. *Brown v. Kitterman, supra*, at 150.

A petition seeking recovery for libel per se should recite in the petition the specific words or statements alleged to be libelous. *Lorenz v. Towntalk Pub. Co.*, 261 S.W.2d 952 (Mo.1953). That was not done in this case. Instead, plaintiff attached the complete text of the five lengthy articles as exhibits which were incorporated by reference. The reason for the rule we state is obvious. To do otherwise requires a court to search lengthy articles or books to discover whether they contain words which are libelous per se. Plaintiff knows the words claimed to be libelous and for which recovery is sought and should be and is required to specify them with particularity.[2]

Instead of reciting the specific words claimed to be libelous per se, plaintiff merely alleged six innuendoes stating its interpretation of the meaning of the articles attached as exhibits. That is not sufficient to state a cause of action for libel per se and the trial court could have dismissed the petition on that basis. However, it did not do so. Instead, it held that the five articles could not be read to constitute a malicious defamation under Missouri's law and, hence, did not state a cause of action.

Under these circumstances, we have concluded to decide this appeal on the ultimate issue of whether the five articles were libelous per se under § 559.410, RSMo 1969, rather than on the basis of the insufficiency of the petition because if we ruled the case on the latter basis we would be inclined to remand the case to give plaintiff an opportunity to file an amended petition wherein it could specifically set out the statements

---

1. All references to rules are to V.A.M.R.

2. We recognize the rule that in deciding whether words alleged to be libelous per se are in fact defamatory, they must be read in connection with the whole publication rather than in isolation. *Thomson v. Kansas City Star Co.*, 387 S.W.2d 493 (Mo.1965); *Diener v. Star-Chronicle Pub. Co.*, 232 Mo. 416, 135 S.W. 6 (banc 1911). Consequently, it would be permissible under Rule 55.12 to attach the whole publication as an exhibit, although this court has held that this is not required. *Coots v. Payton*, 365 Mo. 180, 280 S.W.2d 47 (Mo. banc 1955). However, as we have held herein, attaching and incorporating the entire series of articles, as here, is not a substitute for specifically setting forth in the petition the particular words alleged to be libelous per se.

claimed to be libelous per se.[3] Since we have concluded that the articles are not libelous as a matter of law, it would be unwise and wasteful to remand for further pleadings and proceedings.

Even so, we follow this course somewhat reluctantly because by reviewing the entire five articles, unaided by allegations of the specific statements therein claimed to be libelous per se, we risk encouraging other plaintiffs to file similar petitions. We seek to avoid that result by the caveat that courts are not required to search through publications seeking words which might fit a plaintiff's claim that an article or a book is libelous per se and that petitions which do not specifically allege those statements claimed to be libelous are subject to dismissal for failure to state a claim on which relief may be granted.

■ We have examined carefully the five articles written and published by defendants. Some portions relate to plaintiff corporation but substantial portions are devoted to the international organization of Scientology and its founder, L. Ron Hubbard, rather than to plaintiff corporation. The articles detail complaints and criticisms by ex-members but point out that for every dissenter there are numerous devotees who are enthusiastic. Frequent statements and explanations by Scientology leaders are contained in the articles. In our judgment, the articles do not constitute a malicious defamation of plaintiff corporation and as to it are not libelous per se. Accordingly, we affirm the action of the trial court in dismissing plaintiff's petition for failure to state a cause of action on which relief can be granted.

In view of the foregoing disposition of this appeal, we need not and do not reach other questions raised and briefed in the court of appeals and in this court as to whether plaintiff is a public or private figure under *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), *Rosenbloom v. Metromedia, Inc.*, 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971), *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) and *Time, Inc., v. Firestone*, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 258 (1976); whether plaintiff's petition sufficiently pled malice;[4] and whether a not-for-profit church can maintain an action for libel on the basis of statements as to its tenets and practices in the light of the First Amendment to the United States Constitution and such cases as *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940) and *United States v. Ballard*, 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148 (1944).

Judgment affirmed.

All concur.

---

3. Plaintiff did not seek such opportunity in the trial court but that is understandable because defendant did not seek dismissal on that basis and the trial court did not base its order of dismissal on that ground.

4. Plaintiff asserts on appeal that its pleading of malice was sufficient under *Walker v. Kansas City Star Co.*, 406 S.W.2d 44 (Mo.1966), but defendant claimed that under the later cases of *Brown v. Kitterman*, 443 S.W.2d 146 (Mo.1969) and *Woolbright v. Sun Communications, Inc.*, 480 S.W.2d 864 (Mo.1972), plaintiff's petition was insufficient in that it failed to allege facts from which it could be found that the articles were published with knowledge of their falsity or with reckless disregard of whether they were true or false.