609 F.Supp. 72 (1985)
Barbara QUARTANA, Plaintiff,
v.
John D. UTTERBACK, d/b/a All Star Dairy Association, Inc., Defendant.
No. 85-286C(B).
United States District Court, E.D. Missouri, E.D.
February 25, 1985.
*73 Terry Bond, Kaveny, Beach, Russell, Bond & Mittleman, Clayton, Mo., for plaintiff.
Richard Scherrer, Wilbur Tomlinson, Armstrong, Teasdale, Kramer & Vaughn, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
REGAN, District Judge.
In this action seeking actual and punitive damages for allegedly libelous statements in a letter addressed to plaintiff's employer, defendant has moved under Rule 12(b)(6) to dismiss the complaint for failure to state a claim for relief.
A 12(b)(6) motion raises only an issue of law. Hence, in testing the sufficiency of the statement of plaintiff's claim for relief, we accept as true for purposes of the motion the facts alleged in the complaint.
Plaintiff alleges that at all relevant times she was employed by Sealright Co., Inc. as a sales representative and that defendant was a customer of Sealright purchasing large quantities of its packaging products on behalf of members of the All Star Dairy Association, Inc. As a high volume purchaser, doing some $2,000,000 business a year with Sealright, defendant was charged a lower price than that charged other (smaller) quantity customers.
With this background, plaintiff approached defendant and sought and obtained his permission to an arrangement whereby purchases by plaintiff's customer, Mama Tish's Enterprises, would be (and were) billed through All Star at the lower, quantity, price. As the result, All Star, as the nominal purchaser, became liable to Sealright for the Mama Tish's purchases invoiced to it.
There is no allegation that Sealright was aware of this arrangement whereby, at plaintiff's instance, Mama Tish's was using All Star's name and credit to obtain a lower price from Sealright than if the merchandise had been sold directly to it. The clear inference from the pleaded facts is to the contrary.
After All Star encountered problems in collecting from Mama Tish's, defendant wrote a letter to the credit manager of Sealright seeking his aid in obtaining payment. It is in this letter, attached as an exhibit to the complaint, that the allegedly libelous statements were contained. As alleged in the complaint, the letter "generally reported the substance of Plaintiff's contacts with (defendant) in regard to Mama Tish's and the transactions which followed and further stated that Defendant All Star Dairy Associations, Inc. was encountering difficulties in collecting sums owed by Mama Tish's on said transaction and that (defendant) was not going to let the Association lose money on an account that came about through your own sales person and her promises."
The following are the only allegedly false and libelous statements in the letter which are pleaded in the complaint.
"She (plaintiff) stated to me ... Sealright has a $5000.00 credit rating on Mama Tish so I know their credit is OK.... I'll personally see that they pay their bills."[1]
*74 Libel is defined in the Missouri cases as "the malicious defamation of a person made public by any printing [or] writing ... tending to expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse." Coots v. Payton, 365 Mo. 180, 280 S.W.2d 47, 53 (1955). And as held in Diener v. Star-Chronicle Pub. Co., 232 Mo. 416, 135 S.W. 6, 11 (1911), "There must be defamation in a libelous sense before there can be a libel." To the same effect is Brown v. Kitterman, 443 S.W.2d 146, 149 (Mo.1969). What this means is that "the writing must itself amount to a defamation, and that if (and only if) it is, then if it exposes one to hatred or contempt, etc., it is libelous." Coots, supra.
Although, as held in Missouri Church of Scientology v. Adams, 543 S.W.2d 776, 777 (Mo. banc 1976), it is desirable to attach the whole publication as an exhibit (as plaintiff did in this case) so that the Court may ascertain whether in the context they were used the words alleged to be libelous per se are in fact defamatory as a matter of law, nevertheless, in ruling the motion to dismiss, we must determine whether the particular words or statements are libelous.
As alleged, plaintiff's claim is simply that two statements in the letter which defendant attributed to her were not in fact made by her. These statements were (1) that Mama Tish's had a $5,000 credit line with Sealright, so that its credit is OK, and (2) that plaintiff would personally see that Mama Tish's paid the bills it incurred for the purchases.
Hence, the initial question for determination is whether the statements themselves amount to a "defamation." Plaintiff asserts that the quoted words are defamatory in that they falsely impute fraud, lack of integrity or misconduct in the line of her calling. However, giving the words complained of "their plain and ordinarily understood meaning", we find nothing in either of the statements which is defamatory of plaintiff.
Certainly, if plaintiff had actually stated (as the letter asserts) that she knows Mama Tish's credit is OK because it has a $5,000 credit rating with Sealright, not even plaintiff would contend it is defamatory of her in her calling. The statement does not become defamatory merely because, as plaintiff alleges, the statement is falsely attributed to her. Nor does it become defamatory merely because, as plaintiff alleges, Mama Tish's did not in fact have such a $5,000 rating. So, too, we find no basis for plaintiff's conclusion that the statements imputed to her a want of fitness to perform or discharge her duties as a sales representative, and thus tended to injury her in her "line of calling."
Defendant's other statement which she alleges defendant falsely attributed to her is a promise that she would personally see that Mama Tish's pays its bills. Here, too, had plaintiff actually made this statement to defendant, there isn't the slightest defamatory tinge therein. And in our judgment, the alleged "promise" by plaintiff would not become defamatory merely because plaintiff had been unsuccessful in effecting collection of the account or had not even attempted to obtain payment from Mama Tish's.
We are convinced that the words complained of are not libelous per se. The remaining question is whether the words alleged to be defamatory could constitute libel per quod. For this purpose, it is essential that plaintiff plead an innuendo which would show, by reference to the facts pleaded in the inducement, that the words were used in a defamatory sense. 53 C.J.S. Libel and Slander § 162. We find no such innuendo in the complaint. In addition, there is no averment that the person to whom the letter was addressed understood the words in question as conveying the alleged defamatory meaning.
*75 Reading the complaint as a whole, what is clear is that plaintiff violated her duty to serve Sealright honestly, faithfully and in its best interests by devising and carrying out a scheme whereby, without the knowledge of her employer, Mama Tish's was enabled to obtain Sealright merchandise at a price lower than that at which Sealright would have been willing to sell it to Mama Tish's. Whatever may have been the representations and promises by means of which defendant was induced to cooperate with plaintiff in carrying out her scheme to benefit Mama Tish's at the expense of Sealright they were made, not in furtherance of any duty owing to her employer, but in contravention thereof. What plaintiff is really complaining about is that defendant's letter "let the cat out of the bag" by informing her employer of plaintiff's scheme. Hence, plaintiff's conduct (or misconduct) which allegedly resulted in the termination of her employment by Sealright was not in making the representations and promises attributed to her by defendant, but in carrying out the scheme of which she was admittedly guilty.
Defendant's motion to dismiss is well taken. Accordingly, IT IS HEREBY ORDERED that said motion be and the same is HEREBY SUSTAINED.
NOTES
[1] In her Memorandum in Opposition to Defendant's Motion to Dismiss, plaintiff calls attention to another, similar, earlier statement made in the letter:

"She (plaintiff) stated to me ... your price is better than what I can sell them direct ... they are good people.... Sealright has a credit limit of $5000.00 with them so that their credit is OK, and I'll see that they pay you all." (Emphasis supplied).