ANGELINA CASUALTY COMPANY,
Plaintiff-Appellant,

v.

PATTONVILLE–BRIDGETON TER-
RACE FIRE PROTECTION DISTRICT
and Glenn Henricks a/k/a Charles
Henricks and Hattie F. Moutrie a/k/a
Jean Moutrie, Defendants-Respondents.

No. 49747.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 21, 1986.

Motion for Rehearing and/or Transfer
Denied Feb. 25, 1986.

Application to Transfer Denied
April 15, 1986.

Don R. Sherman, St. Louis, for plaintiff-appellant

Thomas M. Flach, Clayton, for defendants-respondents.

SMITH, Judge.

Plaintiff appeals from a judgment in a court-tried declaratory judgment action determining that plaintiff owes a duty to defend the defendant in a civil rights action pending in federal court. The case was submitted on stipulated facts and documents. We reverse.

The federal action involves a claim by two former employees of the district that they were discharged by the district for engaging in constitutionally protected activity. Jurisdiction was invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Specifically the complaint in that action alleged that the District and two of its directors "conspired with each other to fire and discharge Plaintiffs for the reasons that Plaintiffs had engaged in Constitutionally protected activity" and that the actions of the District and the directors "were unlawful, wanton, malicious and intentionally done" for enumerated reasons. Count II incorporated all the allegations of Count I and alleged further that "in terminating Plaintiffs, the Defendants have so tarnished Plaintiff's employment records that Plaintiffs have been unable to obtain other" equivalent employment. Plaintiffs in that action sought actual and punitive damages.

The District and the directors tendered the defense of the federal case to plaintiff under plaintiff's comprehensive general liability insurance policy. This suit followed.

An insurer's duty to defend is determined from the provisions of the policy and the allegations of the petition charging liability of the insured. *Zipkin v. Freeman,* 436 S.W.2d 753 (Mo. banc 1968) [1]; *Travelers Insurance Co. v. Cole,* 631 S.W.2d 661 (Mo.App.1982) [5]. While the duty to defend is broader than the duty to pay a judgment (*Butters v. City of Independence,* 513 S.W.2d 418 (Mo.1974) [2–4]) the former must appear from the policy and the petition.

The policy provisions upon which both parties rely provide coverage for bodily injury or property damage caused by an "occurrence." The policy defines "occurrence" as "an accident, including continuous or repeated exposure to conditions which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." This language excludes coverage for the insured's intentional acts. *Travelers Insurance Co. v. Cole, supra,* [1]. Injury or damage is intentional if the insured has acted with the specific intent to cause harm and such intent can be inferred as a matter of law if the natural and probable consequences of an act are to produce harm. *Id.* [2, 3].

An action for deprivation of civil rights under § 1983 can be based upon either negligent or intentional acts. *Tucker v. Maher,* 497 F.2d 1309 (2nd Cir.1974) *cert. den.* 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (l.c. 1315). Where, however, the defendant is a public official such as the directors here, there exists a qualified immunity under § 1983. A plaintiff in a § 1983 case against such an official must allege and prove that the official acted in bad faith. *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978); *Morales v. Vega,* 483 F.Supp. 1057 (D.P.R. 1979) [1–4].

The plaintiffs' complaint in the federal suit is clearly framed in terms of intentional actions of the defendants. There are no allegations of negligence or recklessness. Defendants are charged with having "conspired" to fire and discharge the former employees. A negligent conspiracy is difficult to imagine. The complaint is

based upon intentional acts of the defendants' and no duty exists under the policy to defend the federal suit.

 Defendants also contend that the allegation of "tarnishing" the former employees' employment records is an allegation of libel which is covered under the policy. In order to state a claim for libel or slander the specific words claimed to be defamatory must be alleged in the petition or complaint. *Missouri Church of Scientology v. Adams*, 543 S.W.2d 776 (Mo. banc 1976) [3, 4]; *White v. Alfred A. Knopf, Inc.*, 335 F.Supp. 763 (W.D.Mo.1971) [3–4]. There are no such allegations in the complaint. Further there is no allegation of the publication of any libel. The complaint does not allege a cause of action for libel and no duty to defend arises under the allegations of Count II.

Judgment is reversed and cause is remanded with directions to enter judgment for plaintiff on its petition.

GAERTNER, P.J., and SNYDER, J., concur.