Lisa **ELLIOTT**, Plaintiff/Appellant,

v.

**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, d/b/a CNA Insurance Companies, Defendant/Respondent.**

No. 68879.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 26, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Application to Transfer Denied
June 25, 1996.

William E. Moench, Mary Anne Sedey & Associates, P.C., St. Louis, for appellant.

Terese A. Drew, Hinshaw & Culbertson, St. Louis, for respondent.

CRANDALL, Judge.

Plaintiff, Lisa Elliott, appeals from the trial court's grant of summary judgment in favor of defendant, National Fire Insurance Company of Hartford, in plaintiff's action to collect a judgment rendered against defendant's insured. We affirm.

Our review on appeal from a summary judgment is governed by the oft-cited *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

The record on appeal establishes that plaintiff was employed by David Kruel and Renovation Concepts, Inc. (RCI) as a residential manager of an apartment complex. Kruel discharged plaintiff. At the time of plaintiff's discharge, RCI was insured by a policy of liability insurance issued by defendant. Thereafter, plaintiff filed a petition against Kruel and RCI seeking to recover damages for wrongful termination based on sex discrimination. Ultimately, defendant informed Kruel and RCI that there was no coverage afforded under the policy for employment discrimination and wrongful termination. Kruel and RCI thereafter retained their own counsel.

Plaintiff obtained a money judgment against Kruel and Renovation Concepts, Inc., for wrongful termination based on sex discrimination. The trial court awarded plaintiff $250,000.00 on her claim for emotional distress, anxiety and humiliation; $25,000.00 on her claim for lost wages and benefits of employment; and $18,560.31 for attorneys' fees. Thereafter, plaintiff filed a petition seeking to recover the compensatory damages portion of the judgment from defendant as Kruel and RCI's insurer.

Both parties filed motions for summary judgment. The trial court granted defendant's cross motion for summary judgment.

In her first point, plaintiff claims the trial court erred in granting summary judgment for defendant because the compensatory damages were within the policy's coverage. The policy provided that defendant would be liable for all sums which its insured became legally obligated to pay as damages because of bodily injury to which the insurance applied, caused by an "occurrence". The policy defined "occurrence" as follows:

> Occurrence means an accident, including continuous or repeated exposure to conditions, which results in Bodily Injury or Property Damage neither expected nor intended from the standpoint of the insured.

Plaintiff admits that her discharge was an intentional act, but insists that the proper question is whether the *injuries* she suffered were accidental. She refers to the trial court's findings in the judgment she obtained against Kruel and RCI: "By terminating Plaintiff's employment, [RCI and Kruel] did not intend or expect to cause the emotional distress, anxiety and humiliation that Plaintiff suffered." She asserts that because her injuries were neither expected nor intended from the standpoint of the insureds, her emotional distress was an accident covered by the policy.

Plaintiff cites to *N.W. Elec. Power Coop., Inc. v. American M. Ins. Co.*, 451 S.W.2d 356 (Mo.App.1969), in support of her argument that an intentional act, even one where harm of some sort was intended, may still cause injuries by "accident" when the harm for which recovery is sought is unintended. In *N.W. Elec. Power Coop., Inc.*, the court held that an insurer was liable for claims for property damage which occurred when employees of a power cooperative strayed from an easement granted to the cooperative by a property owner for the purpose of constructing a transmission line. *Id.* at 358, 359. The

court reached this holding because the injuries were not intentionally inflicted but were caused by the negligence of the insured's employees. *Id.* at 364. This case is distinguishable from *N.W. Electric Power Coop., Inc.* because the injuries here were inflicted by an intentional act of Kruel, not a negligent act.

This court considered a case similar to the instant case in *Angelina Cas. v. Pattonville–Bridgeton Terr.*, 706 S.W.2d 483 (Mo.App. 1986). In *Angelina*, the insurer appealed from a judgment determining that it owed a duty to defend a school district which allegedly discharged two employees for engaging in constitutionally protected activity. *Id.* at 484. There, the policy provisions also provided coverage for bodily injury or property damage caused by an "occurrence." *Id.* The policy defined "occurrence" in a paragraph identical to the one contained in the policy under our consideration. *Id.* Because the employees' complaint was clearly framed in terms of intentional, not negligent, acts of the defendants, this court held the insurer had no duty to defend. *Id.* at 484, 485.

In the underlying judgment, the trial court found that Kruel and RCI wrongfully discharged plaintiff. "Intent is an element of wrongful discharge." *Self v. Lenertz Terminal, Inc.*, 854 S.W.2d 571 (Mo.App.E.D.1993). Furthermore, plaintiff's petition premised liability on the defendants' willful, wanton and malicious conduct.

Here, Kruel, acting on behalf of RCI, intentionally discharged plaintiff. Although he may not have intended the degree of injury which did occur, he was substantially certain that some injury to plaintiff would result. We therefore hold that because the plaintiff's injuries were caused by an intentional act of defendant's insured, they are not damages covered by the policy. Plaintiff's first point is denied.

In view of our holding, we need not address plaintiff's second point on appeal. The judgment of the trial court is affirmed.

CRAHAN, P.J., and DOWD, J., concur.