**Billy CARRIKER, Appellant,**

**v.**

**Bill LINDSEY, d/b/a Lindsey's D–X Station and Hardware Mutual Casualty Co., Respondents.**

**No. 22757.**

Kansas City Court of Appeals.

Missouri.

May 5, 1958.

J. P. Morgan, Chillicothe, for appellant.

Chapman & Chapman, Nolan M. Chapman, Jr., Chillicothe, for respondent and insurer.

MAUGHMER, Commissioner.

Plaintiff-employee has appealed from the circuit court judgment which affirmed the final award of the Industrial Commission of Missouri under which plaintiff was denied workmen's compensation benefits.

Approximately four weeks prior to April 6, 1955, plaintiff, Billy Carriker, began working for defendant-employer, Bill Lindsey, d/b/a Lindsey's D–X Station. He was

employed as a service station attendant and described his duties as "greasing, waiting on the drive, washing, oil changing—tire changing". The respondent Hardware Mutual Casualty Company appeared as insurer. The parties will be referred to hereinafter as "employee", "employer" and "insurer".

At about 1:30 p. m. on April 6, 1955, during his working hours and while on employer's business premises, the employee suffered an accidental injury resulting in the loss of his left index finger at the second joint. The employee sustained the injury while he was "working on" his own personal and private automobile. He testified that he first greased and changed the oil. He said that "When I was backing it off it just didn't sound right and so I adjusted a little on the carburetor". When asked how the injury occurred he stated: "I don't know exactly except the only thing I can tell you—I got my arm caught and got my fingers in the fan, is all I can tell you". The employee testified further that he had greased and changed the oil in his car on employer's premises before, that he had put chains on it, but that this was the first and only time he had ever repaired his car during working hours. He stated that he paid for the oil and grease; that the employer had never either granted or refused him permission to service his private automobile on the premises during working hours, and that the employer was absent when the injury occurred.

Mr. Lindsey, the employer, testified that he told all of his employees when they started to work that work on their cars "was not to be done on their time of employment". He said he never saw this employee grease the car or change the oil while he worked for him, and that he never authorized him to do so.

Earl Lee McCollum, a fellow employee, testified that he had been told by Mr. Lindsey not to work on his car during working hours; that he had seen Carriker working on his car on other occasions but never saw him do so when Lindsey was present.

Insurer and employer have throughout conceded coverage,—that is, that the accident occurred on employer's premises and during employee's working hours. Their denial of liability is based upon their contention that this injury did not "arise out of and in the course of his employment". This point constitutes the sole issue presented on this appeal. The finding of the referee was for the employee. The final award of the Industrial Commission ruled that the accident "did not arise out of and in the course of employee's employment", reversed the award of the referee and denied compensation. The circuit court affirmed the Commission.

 Section 287.040, V.A.M.S.1949, Workmen's Compensation, imposes liability on the employer when an employee is "injured or killed on or about the premises of the employer while doing work which is in the usual course of his business". Section 287.800, V.A.M.S.1949, directs liberal construction of the act "with a view to the public welfare". However, such liberality does not authorize allowance of a claim which lacks some of the essential elements required by the act. Mershon v. Missouri Public Service Corporation, 359 Mo. 257, 221 S.W.2d 165.

 The employee asserts that the Commission did not give due deference to the findings of the referee, who saw and heard the witnesses. He maintains that the appellate courts should grant such "due deference", and should in that respect review the referee's, rather than the Commission's findings and reverse the judgment. We believe that the findings of the referee are important and carry weight especially as to credibility of witnesses, but his conclusions are not conclusive as to the Commission. Furthermore, it is the award of the Commission that is reviewed by the courts and it should be upheld if supported by competent and substantial evidence upon

the whole record or is not clearly contrary to the overwhelming weight of the evidence. In Banks v. City of Hannibal, Mo.App., 283 S.W.2d 909, loc. cit., 913, we find this statement: "Our duty is not to determine whether the award of the referee finds support in the evidence, but, rather, to ascertain if the award of the commission itself is supported by competent and substantial evidence upon the whole record. It is the award of the commission that is reviewed by the courts, and not the award of the referee. (Cases cited). * * *. Findings of the referee carry considerable weight, especially where there is a question as to the credibility of witnesses, but the referee's findings are by no means conclusive. (Cases cited.)".

In Brown v. Griesedieck Western Brewing Co. of Missouri, Mo.App., 250 S.W.2d 803, loc. cit. 809–810, the same rules were enunciated by these words: "The duty of the commission is to review the record, determine the credibility of the witnesses and the weight to be given to their testimony, resolve the conflicts therein, and as a fact finding tribunal to reach its own conclusion independently of the findings made by the referee. The findings of the referee are not final and binding upon the commission if, upon consideration of all the evidence, the commission reaches a conclusion different from that of the referee. (Cases cited.) * * * The duty of this court on appeal is to determine whether the award which the commission makes is supported by competent and substantial evidence upon the whole record".

In Barron v. Mississippi Lime Co. of Missouri, Mo.App., 285 S.W.2d 46, loc. cit. 49, the phraseology is: "The findings of a referee are not final and binding upon the commission, which may or may not come to the same conclusion reached by the referee. The commission is not bound to yield to a referee's findings. Brown v. Griesedieck Western Brewing Co. of Mo., Mo.App., 250 S.W.2d 803, loc. cit. 809; Banks v. City of Hannibal, supra. A ref-

eree is merely an agent of the commmission, inferior to the commission in authority. Douglas v. St. Joseph Lead Co., Mo.App., 231 S.W.2d 258; Diebold v. Great Atlantic & Pac. Tea Co., Mo.App., 241 S.W.2d 31. It is the commission which is the ultimate fact-finding body in workmen's compensation cases".

█ Probably no utterly complete and all-covering definition of the meaning of the phrase "arising out of and in the course of his employment" ever will be formulated. Each case involving this point should be decided upon its own particular facts and circumstances rather than by application of some formula or definition. Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W.2d 601; Finley v. St. Louis Smelting & Refining Co., Mo., 233 S.W.2d 725; Foster v. Aines Farm Dairy Co., Mo., 263 S.W.2d 421.

In answering our ultimate question and in deciding this case the unanimous opinion by our Supreme Court en banc. in Finley v. St. Louis Smelting & Refining Co., supra, may be profitably examined and quoted in part. We do so not only because of its high authority, but for the further reason that many helpful guideposts are therein projected and provided. In that case the employee was hired to haul rock at one of the employer's mines located some six miles from his home. There was no public transportation service from his home to the mine and the employer furnished none. The employer did provide and maintain on its property a parking lot for the use of claimant and other employees. On the day of the injury the employee had finished his work, was at liberty to go to his car parked on this lot and go home. He started the car, but the fan was stuck. He raised the hood and gave the fan a whirl with his hand. It started and caught his hand, cutting off his left index finger. The sole question was whether or not the facts brought the case within the phrase "Arising out of his employment". The Commission award was for claimant, the circuit court

affirmed and the St. Louis Court of Appeals affirmed (227 S.W.2d 747), but the Supreme Court reversed outright. We incorporate herein pertinent excerpts from the opinion. From page 726 of 233 S.W.2d:

" 'Each case has turned upon the point of whether, under its particular circumstances, the injury arose from something which had become an incident to the employment.' Wamhoff v. Wagner Electric Corp., 354 Mo. 711, 190 S.W.2d 915, loc. cit. 917 [161 A. L.R. 1454].

"In this case the respondent was employed to work in the company's mine. He was injured while he was trying to start his automobile at the close of his day's work so that he could return to his home. Therefore, respondent was not injured while performing the work he was employed to do. However, if the facts in this record show that by the conduct of the parties the activity in which respondent was engaged at the time of the injury had become an incident to his employment then he is entitled to compensation".

Continuing and on page 727:

"Compensation to an injured employee would depend upon whether his activities should have been reasonably anticipated and expected by the employer and had become an incident to the employment. Wamhoff v. Wagner Electric Corp., supra.

\* \* \* \* \* \*

"In the case at bar, if after the respondent had raised the hood of his automobile he had slipped on some loose gravel or other object which caused his hand to come in contact with the fan of his automobile, resulting in his injuries, then these cases (referring to outstate decisions which may be found by examination of the opinion) would sustain the finding that his injuries arose out of his employment. But his evidence is that he did not slip or fall. On the contrary, he purposely put his hand on the fan to start it. His injuries were not the result of any hazard connected with the parking lot but were caused solely because the fan would not work".

And on page 728: "In the case at bar, the respondent was injured by a defect of his own car". The opinion then cites with approval the ruling of the Supreme Court of Colorado in Industrial Commission of Colorado v. Enyeart, 81 Colo. 521, 256 P. 314, in which case the employee, while riding to work with a fellow employee, was injured when the steering gear broke. The Colorado court said: "An accident which is the result of a cause brought onto the employer's premises by the workman himself for his own purpose is not caused by his employment and does not arise out of it". Our own Supreme Court then concluded its opinion as follows:

"We think the ruling of the Colorado Supreme Court is sound and is in accord with the ruling of the courts of this state. In this case the respondent was not injured because of any peculiarity of the premises to which he was subjected because of his employment. \* \* \*

" 'In passing upon this case, it is necessary to bear in mind the fundamental difference between those causative agencies which are part and parcel of the master's business and under his control, and those which lie outside that business and beyond his control. In the former class of cases, it is quite reasonable to hold the master liable, no matter how unusual or unpreventable the accident may be. But, in the latter class of cases it seems unjust to hold the employer liable, unless the employment in some way exposes the employee to an unusual risk or injury from such agency which is not shared by the general public.' Ries v. De Bord Plumbing Co., Mo.App., 186 S.W. 2d 488, loc. cit. 489.

"In the case at bar there is no causal connection between the injury and the employment. Under the undisputed evidence in this record we think the finding that respondent's accident arose out of his employment cannot be sustained."

In the Finley case which we have discussed at some length, the award was for the employee and so the appellate court was required to and stated that it did, give to claimant all reasonable inferences to be drawn from the facts and in a light most favorable to support the award, and yet reversed outright. In our case the Commission found that the accident "did not arise out of and in the course of employee's employment" and denied compensation. We should affirm that decision unless we find it is unsupported by competent and substantial evidence or is clearly contrary to the overwhelming weight of the evidence.

Under the facts in our case it cannot, we think, be held that the injury arose from something that had, by custom, practice or otherwise, become an incident of the employment. This employee had been on the job only some four weeks. He admitted this was the first time he had there attempted to repair his car. The testimony was disputed as to whether or not the employer knew that he had ever even greased or changed oil in his private automobile. His employment did not include the repair of motor vehicles. The activity out of which the injury arose could not have been reasonably anticipated and expected by the employer. In this case the injury was not the result of any hazard connected with his duties as service station attendant, but was caused solely because the motor in his private automobile was not working properly. The claimant was injured by a defect in his own car.

In the case at bar the Commission found that this injury "did not arise out of and in the course of employee's em-

ployment". Such conclusion, we think, is supported by substantial and competent evidence in the record and is not contrary to the overwhelming weight of the evidence.

It follows from what we have said that the judgment of the trial court affirming the award of the Commission must be affirmed. It is so ordered.

SPERRY, C., concurs.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.