**Robert BLATT, Employee, Plaintiff-Respondent,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Employer, and Travelers Insurance Company, Insurer, Defendants-Appellants.**

**No. 32567.**

St. Louis Court of Appeals,

Missouri.

March 21, 1967.

**534**

Sidney J. Murphy and Edward W. Warner, Evans & Dixon, St. Louis, for appellants.

Joseph J. Dolgin, O'Connor & Dolgin, Clayton, for respondent.

CLEMENS, Commissioner.

Claimant Robert Blatt was granted $892.51 in workmen's compensation benefits for an injury received in repairing his car while in the course of his employment for defendant Metropolitan Life Insurance Company. The defendant employer and insurer appeal, contending claimant's injury did not arise out of his employment.

The issue here is a narrow one. Defendants admitted claimant's injury was accidental and did not question the amount of the award. And the defendants now concede claimant was injured while in the course of his employment. These concessions sharpen the issue to this: Where the claimant's private car broke down while he was on company business, and preparatory to resuming his work he was injured because of the repairs he was making on the car, did the injury *arise out of* his employment?

Claimant was the only witness. He testified: For several years he had worked for Metropolitan as a "debit man," selling insurance, making collections and servicing accounts in St. Louis. With the company's approval he drove his own car in going about his work. The company paid him $10 a week for expenses incurred in his employment. On the afternoon of October 24, 1964, he left the company office, driving his car and accompanied by the local sales manager. They had two calls to make, one on a sales prospect and the other on a customer, Mr. Billups, with whom claimant had an appointment to deliver a company check and to discuss other company business. After calling on the sales prospect, claimant and the sales manager headed for Mr. Billups' home.

Enroute to Mr. Billups', claimant's car stalled; he inspected it and found a defective coil. Claimant decided to buy a new coil at a store several blocks away, and the sales manager left claimant to keep other evening appointments of his own. Claimant returned to his car with the new coil. In the meantime, he had phoned a

fellow salesman, Ernest Sciaroni, and asked him to drive to the place where the car had stalled. This, to assure claimant transportation in case he could not fix his car. Claimant found he could connect the coil with the ignition wires and start the motor, but could not connect the coil to the bracket that held it in place. He thought this temporary repair would not keep his car running and decided to replace the coil in its bracket. By then it was dark. Claimant did not feel safe in that neighborhood and the street light was too dim for him to fix the bracket. So, followed by Mr. Sciaroni, claimant drove his car back to the company's well lighted parking lot. He intended to deliver the company check to Mr. Billups as soon as he fixed his car. He was in the process of connecting the coil to its bracket when his screwdriver slipped and pierced his hand. Claimant then went home for first-aid treatment. There he phoned Mr. Billups, explained his delay, and arranged to deliver the check the next morning.

As said, defendants concede claimant's injury arose in the course of his employment. Their sole contention is that it did not arise out of his employment.

Both parties concede there is no pat formula for applying the phrase "arising out of his employment," because of the complexity of activities covered by the Workmen's Compensation Act. Scherr v. Siding & Roofing Sales Co., Mo.App., 305 S.W.2d 62 [4]. The parties agree each case must be decided on its own particular facts.

■ Despite these generalities, a thread of consistent principle runs through the fabric of decisions applying the term "arising out of his employment." (See numerous cases collected in 29A Mo. Digest, Workmen's Compensation, §§ 608–611.) An accidental injury "arises out of" employment only when there is a causal connection between the employee's injury and his employment. A claimant meets this requirement only when the injury is the ra-

tional consequence of an act incidental to his employment.

Other cases are helpful only so far as they are based on analogous facts. Claimant cites two such cases: Goetz v. J. D. Carson Co., 357 Mo. 125, 206 S.W.2d 530, and Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S.W.2d 601.

In the Goetz case the claimant was a collection man for a furniture company. While making his rounds afoot on a summer day he stopped at a confectionery for a soft drink, and coming out he twisted his ankle. The court held that such an employee could be expected to pause for refreshment in the course of his day's work, and added: "A pause by an employee within reasonable limits of time and place to satisfy the needs of the body for food or drink, or even for refreshment, may well be considered as reasonably incidental to his work." The court held claimant's injury had arisen both out of and in the course of his employment. To us, there is a significant relationship between the court's finding that the claimant's activity at the time of injury was "reasonably incidental" to his work, and its decision that his accidental injury "arose out of" his employment.

In the Leilich case a traveling salesman was preparing to go on a business trip when he was asphyxiated in his home garage in fixing a flat tire on a company car. The only issue was whether the accident arose out of his employment. In affirming an award, the court said:

"Leilich was not employed to change tires but to sell automobiles. But clearly the changing of tires in the circumstances shown by the evidence was a task incident to his employment as salesman. Out of the performance of that task the accident arose which caused his death. This being obviously true, why split hairs in trying to trace a 'causal connection' between his employment and his death."

Again, the issue of whether the accident "arose out of" the employment was determined by the fact that the employee at the moment of his injury was engaged in a task "incidental to" his employment.

The defendants cite three cases where recovery was denied claimants even though their injuries were incurred while engaged in acts incidental to their employment: Toole v. Bechtel Corp., Mo., 291 S.W.2d 874; Scherr v. Siding & Roofing Sales Co., Mo.App., 305 S.W.2d 62; and Gregory v. Lewis Sales Co., Mo.App., 348 S.W.2d 743. The basis for denial in each of those cases, however, was that the injury was intentionally inflicted by a third person in circumstances having no relationship to the employer-employee relationship. In other words, the *accidental injury* was not incidental to—and, hence, did not arise out of—the claimant's employment. (Such cases are based on the so-called "assault doctrine" and are collected at 29A Mo. Digest, Workmen's Compensation, § 697.) The fact of a third party's deliberate intervention in the cited cases distinguishes them from this one.

Next, defendants lay stress on the compensation cases of Finley v. St. Louis Smelting & Refining Co., 361 Mo. 142 (banc), 233 S.W.2d 725, and Carriker v. Lindsey, Mo.App., 313 S.W.2d 43, where claims were denied because the accidents did not arise out of the claimants' employment. Each case bears a substantial similarity to our case, but each has a materially distinctive factor.

For example, in the Finley case the claimant's car was parked in the company parking lot, and when preparing to drive home he was injured in loosening a balky fan belt on his car. The defense, as here, was that the accident did not arise out of claimant's employment. The court referred several times to the claimant's burden of showing that the accident arose while he was engaged in activity incidental to his employment. The court found that in repairing his car under the stated circumstances the claimant was not so engaged, and denied recovery on the ground that "there is no causal connection between the injury and the employment."

The Carriker case, too, has factual similarities. There the claimant drove to his job at a filling station and parked his car on his employer's lot. He was making some repairs on his car motor, although not authorized to do so on company time, when suddenly the fan started and cut off part of his finger. The court quoted from and followed the Finley case, and denied recovery because the accident did not arise out of the claimant's employment.

The facts in the Finley and Carriker cases bear several similarities to our case. In all three the claimant was injured during working hours; the claimant was then on the employer's premises; and the claimant was repairing his own car when injured. But the distinguishing factor is that in the Finley and Carriker cases the claimants' automobiles were being repaired by them for purely personal purposes. Not so here.

When claimant's car first broke down he was performing defendant Metropolitan's business. When he repaired the car, he did so for the purpose of resuming his duties for Metropolitan. We find that the claimant's repair of his car was an act incidental to his employment, that there was a causal connection between his employment and his injury. It follows that claimant's accidental injury arose out of his employment.

The judgment for claimant is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.