The NORTH RIVER INSURANCE COMPANY, a corporation, Respondent,

v.

Kenneth POOS, Jean Poos, Wild Canid Survival & Research Center, Inc., Daniel Joseph Mahlandt, a minor, Donald J. Mahlandt and Dorcas Mahlandt, Appellant.

Nos. 38314, 38315 and 38336.

Missouri Court of Appeals, St. Louis District.

June 21, 1977.

Merle L. Silverstein, Rosenblum & Goldenhersh, Clayton, for appellants Poos.

Evans & Dixon, Eugene K. Buckley, Richard L. Meives, St. Louis, for appellant Wild Canid Survival, etc.

Jack H. Ross, Coleman, Ross, Carey, Goetz & Schaaf, Inc., Clayton, for North River.

P. Terrence Crebs, Gallop, Johnson, Godiner, Morganstern & Crebs, St. Louis, for Mahlandts.

CLEMENS, Presiding Judge.

Defendants appeal a declaratory judgment in favor of plaintiff-respondent, North River Insurance Company. North River sued for a declaration of non-liability under its homeowners' liability insurance policy issued to defendants Kenneth and Jean Poos. This concerned a wolf-bite injury allegedly sustained at their residence by Daniel Mahlandt. The trial court declared coverage was excluded by the policy,[1] and defendants appeal.

Plaintiff-insurer's petition alleged an underlying lawsuit by Daniel Mahlandt and his parents for personal injuries inflicted by a wolf named "Sophie." Sophie was owned by defendant Wild Canid Survival and Research Center, Inc., (hereafter WCS), and was kept by WCS's employee Kenneth Poos at his residence. Plaintiff acknowledged that the Poos' homeowners' policy providing personal liability coverage was in effect when the child was injured. Insurer further alleged it had undertaken to provide a defense for defendant Poos with a reservation of its rights, this relying on the following exclusionary clause of its policy: "This policy does not apply: 1. Under coverage E—personal liability . . . d. To bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits."

North River contended the injury was not covered by its policy because Kenneth Poos was an employee of WCS, Sophie's owner; keeping and maintaining her at his residence was a business obligation of his employment; the minor's injury arose out of Poos' business pursuits and such activities were not ordinarily incident to non-business pursuits.

The evidence showed WCS is a not-for-profit corporation devoted to preserving wild canids and Sophie was used as an exhibit in educational programs. Kenneth Poos was obliged to care for Sophie, that is to feed, water and keep her clean and he was paid a yearly salary plus expenses incurred in keeping her. Defendant Poos had left Sophie chained to a fence post inside his enclosed yard and was not home when the child was injured.

The trial court declared coverage for this injury was excluded by the terms of the policy and defendants have appealed.

Our threshold concern is whether the bodily injury claim is excluded from coverage by the "business pursuits" exclusion. This depends on whether Poos' keeping and caring for Sophie at his residence was incidental to his employment.

Defendants' out-of-state cases would require Poos to have had a profit motive in keeping Sophie at his residence, holding this to be a necessary element of the term "business pursuits." *Salerno v. Western Casualty & Surety Company,* 336 F.2d 14 [6] (8th Cir. 1964); *Allied Mutual Casualty Company v. Askerud,* 254 Minn. 156, 94 N.W.2d 534 [5] (1959); *Lane v. Hartford Fire Insurance Company,* 343 F.Supp. 79 [11] (Mo., E.D. 1972); *Home Insurance Company v. Aurigemma,* 45 Misc.2d 875, 257 N.Y.S.2d 980 [7] (1965).

*Blatt v. Metropolitan Life Ins. Co.,* 413 S.W.2d 533 [1] (Mo.App. 1967), decided the issue of when an accidental injury "arises out of" employment. In that case an insurance salesman, while driving his automobile to solicit and collect funds had a mechanical failure and was injured while making repairs. The court concluded that an accidental injury "arises out of" employment when there is a causal connection between the

[1] We note the policy *excludes* injuries arising out of the insured's "business pursuits," but *excepts* from that exclusionary phrase activities "ordinarily incident to non-business pursuits." Thus, if the injury arose out of the insured's business pursuits there is no coverage, unless it can be said keeping a wolf was an ordinary incident to insured's non-business activity, in which event there is coverage.

employment and injury. An insured meets this requirement when the injury is "the rational consequence of an act incidental to his employment." The court concluded the insured's car repairing was an act "incidental to his employment" and therefore "arose out of" his employment.

Maintaining Sophie was an act incidental to Poos' employment. WCS paid him a salary of $12,000 a year plus expenses for performing his duties. He was obliged to care for Sophie, and doing so was necessarily a part of his primary function of presenting educational programs. The manner was left to his discretion. Keeping Sophie at his residence was for his personal convenience in caring for Sophie to fulfill obligations incidental to his employment and we hold the injury arose out of a "business pursuit." The causal connection between the injury and Poos' employment satisfies the criteria of *Blatt.*

The activities described in *Salerno, Allied Mutual Casualty Company and Home Insurance Company* cited by defendants are of a sparetime or extracurricular nature and are distinguishable since the insureds' activities there were for purely personal purposes. Not so here.

 Under the policy's *exception clause* the issue is whether keeping a wolf at one's residence incidental to a business pursuit is an activity "ordinarily incident to non-business pursuits" and therefore not excepted from exclusionary coverage.

Defendants cite *Crane v. State Farm & Casualty Company,* 5 Cal.3d 112, 95 Cal. Rptr. 513, 485 P.2d 1129, and *Gulf Insurance Company v. Tilley,* 280 F.Supp. 60 (N.D.Ind. 1967), aff'd, 393 F.2d 119 (7th Cir. 1968), each concerning baby-sitting incidents. Each case upheld an exception from the policy exclusion on the ground the injury occurred while insured was caring for her own children and was engaged in a non-business pursuit. Analyzing these cases in *Martinelli v. Security Ins. Co. of New Haven,* 490 S.W.2d 427 [4, 5] (Mo.App. 1973), we concluded the homeowners' policy excluded coverage for an activity which occurred while the insured was engaged in

a business pursuit only if the activity was ordinarily incident to a non-business pursuit. We held that "the activity to be an exception to the exclusionary clause, must be one which is not associated with or related in any way to the insured's business pursuits."

Here, the activity of defendant Poos in keeping Sophie for use in his work cannot be said to be an activity ordinarily incident to a non-business pursuit because in keeping Sophie defendant Poos was engaged in an activity constituting a part of his business pursuit. So, the policy exception did not alter the policy's business pursuit exclusion.

In sum, we hold the bodily injury arose out of the insured's business pursuit and keeping Sophie at his residence was not an activity ordinarily incident to a non-business pursuit. The trial court correctly declared the exclusionary policy language prevented coverage.

Judgment affirmed.

DOWD and SMITH, JJ., concur.