The TRAVELERS INSURANCE COMPANY, Plaintiff-Respondent,

v.

Lenwood COLE, Joseph C. Didden, and Victoria Didden, Defendants-Appellants.

No. 44055.

Missouri Court of Appeals, Eastern District, Division Three.

March 2, 1982.

Joseph H. Mueller, J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for plaintiff-respondent.

Cox & Luzecky, Fenton, for defendants-appellants.

SNYDER, Judge.

This is a declaratory judgment action. Lenwood Cole, Joseph C. Didden and Victoria Didden appeal from the trial court's judgment in favor of plaintiff-respondent, The Travelers Insurance Company (Travelers). The trial court declared that Travelers was not obligated or required to defend or indemnify Lenwood Cole, its insured, under a homeowner's policy in a separate suit brought by Officer and Mrs. Didden for damages incurred as a result of a gunshot wound inflicted on Officer Didden by Mr. Cole. Cole shot Officer Didden, a police officer who was in the insured's residence at the request of the insured's wife. The judgment is affirmed.

Appellants argue two points relied on. First, they maintain that the judgment is not supported by substantial evidence and is against the weight of the evidence. Second, they assert the trial court erroneously applied the law because the allegations in the petition in the pending negligence action brought by the Diddens against the insured state a cause of action within the policy coverage. Appellants also argue that public policy considerations dictate that Travelers be forced to defend the negligence action.

The declaratory judgment action was submitted to the trial court upon opposing stipulations of fact prepared by the parties. Travelers did not agree to the entire stipulation of facts prepared by the appellants, and the appellants did not agree to the entire stipulation of facts prepared by Travelers. They did agree on the following:

"1. That Travelers issued its policy of insurance to Lenwood Cole and his wife.

2. That the Insured was convicted before the Circuit Court, Jackson County, Missouri, of assault with intent to kill with malice aforethought on July 28, 1977, as a result of the Insured's acts on February 22, 1976.

3. That this conviction was appealed to the Missouri Court of Appeals, Western District, and said conviction was affirmed on September 4, 1979.

4. That Appellants Joseph C. Didden and Victoria Didden have filed a lawsuit against the Insured and his wife for personal injuries.

5. That Appellant was subpoened (sic) and called to testify at the trial of the Insured."

In addition, appellants' stipulation of facts contained the following:

"1. That on February 22, 1976, in the living room of his house in University City, Missouri, the Insured allowed a dangerous weapon, a gun, to be pointed at Appellant at a time as he knew or should have known that said gun was loaded with an explosive charge and projectiles and would, if fired, cause serious injury, if not death, that said weapon discharged and injured Appellant."

The coverage for personal liability in the homeowner's policy which was issued by Travelers to Mr. and Mrs. Lenwood Cole was as follows:

" '[A]ll sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this section applies, caused by an occurrence. The Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent.' "

"Occurrence" as used in the foregoing provision was defined in the policy as " 'an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage, neither expected nor intended from the standpoint of the insured.' "

Was the shooting an "occurrence" under the policy? Whether it was an "occurrence" is determined by whether the insured expected or intended the damage to result. The trial court found the shooting was not an "occurrence" under the terms of the policy, that the damages or injuries were not accidental as required by the policy. This court agrees.

■ Language in the homeowner's insurance policy which excludes coverage for bodily injury or property damage caused to others which is either expected or intended from the standpoint of the insured has been construed to exclude from coverage the insured's intentional acts. *Home Indemnity Co. v. Politte*, 602 S.W.2d 943, 946 (Mo.App. 1980); *Curtain v. Aldrich*, 589 S.W.2d 61, 63–64 (Mo.App.1979); *Hanover Insurance Co. v. Newcomer*, 585 S.W.2d 285 (Mo.App. 1979).

■ Injury or damage is intentional if the insured acts with the specific intent to cause harm or if the insured's intent to harm is inferred as a matter of law from the nature or character of the act. *Hanover Insurance Co. v. Newcomer, supra* at 289; *Subscribers at the Automobile Club Inter-Insurance Exchange v. Kennison*, 549 S.W.2d 587, 590–591[3–6] (Mo.App.1977). Intent to harm is inferred if the natural and probable consequences of an act are to produce harm. *Subscribers at the Automobile Club Inter-Insurance Exchange v. Kennison, supra.*

■ The insured's actions in discharging a gun at Officer Didden in the insured's residence was a dangerous act from which harm was almost certain to result. *See Hanover Insurance Co. v. Newcomer, supra* at 289[3] (the trial court in a declaratory judgment action could conclude from the evidence that the insured's action in swinging a machete around his residence was an intentional act from which injury could be expected). The trial court could properly infer the insured's intention to harm from such facts.

The appellants actually stipulated that the insured allowed the gun to be pointed at Officer Didden and that insured knew or should have known that the gun was loaded and if fired would cause serious injury, if not death. The intent and the expectation of harm could also be inferred from that stipulation.

Appellants also stipulated (but Travelers did not agree to the stipulation) that a psychiatrist had testified in the criminal trial of the insured and stated that insured at the time of the shooting was not responsible for what he was doing and acted impulsively and in an irrational way, this because he was ill and had taken alcohol and drugs.

■ The fact that the insured may have been under the influence of codeine, ampicillin, and alcohol "is of no consequence, for the law must not permit the use of such stimuli to become a defense for one's actions." *Hanover Insurance Co. v. Newcomer, supra* at 289[1, 2].

The evidence of inferred intent was sufficient to support the trial court's declaratory judgment. It is therefore unnecessary to consider appellants' contention that his criminal conviction may not be used to establish intent. The point is ruled against appellant.

In their second point on appeal, the insured and the Diddens argue the trial court's declaratory judgment erroneously applied the law insofar as the judgment concluded the insurer was not required to afford the insured a defense to the Diddens' negligence action. The appellants argue that the petition in the Diddens' action against the insured alleged that the insured was negligent or wilful and wanton in his conduct, and did not allege intentional conduct. Therefore, appellants say, the insurer was required to defend the insured regardless of the ultimate resolution of the question of the insured's intent. This point is also ruled against appellants.

The Diddens' petition in their action against the insured and his wife alleged that the insured and his wife were negligent and that their acts were wilful and wanton. Wanton and reckless acts of the

insured do not amount to intentional acts as a matter of law so as to permit the insurer to deny coverage under a liability insurance policy clause excluding coverage for intentionally caused injury. *Crull v. Gleb*, 382 S.W.2d 17, 22[4–6] (Mo.App.1964). This is so because wanton and reckless acts are intentional acts done without regard for the consequences and, thus, may be negligent. *Crull v. Gleb, supra* at 21–22[4–6].

Ordinarily, the liability insurer's duty to defend is determined from the insurance policy provisions and the allegations of the petition filed against the insured. *Butters v. City of Independence*, 513 S.W.2d 418, 424[2–4] (Mo.1974); *Zipkin v. Freeman*, 436 S.W.2d 753, 754[1] (Mo.banc 1968) (supreme court considered both the petition and the evidence in determining coverage). Thus, if the petition filed against the insured states some grounds of liability covered by the policy of insurance, the duty to defend does exist. *Butters v. City of Independence, supra.* In the case under review, the Diddens' petition alleged that the acts of the insured were negligent or wilful and wanton, and such conduct would be within the purview of the insured's liability policy.

 Nevertheless, a liability insurer's duty to defend does not depend alone upon the allegations of the petition filed against the insured. The actual facts known to the insurer or which should have been reasonably known to the insurer also affect its duty to defend. *Hawkeye-Security Insurance Co. v. Iowa National Mutual Insurance Co.*, 567 S.W.2d 719, 720–721[2] (Mo.App. 1978). If a petition against the insured alleges facts not within the coverage of the insurance policy, no duty devolves upon the insurer to defend. *Hawkeye-Security Insurance Co. v. Iowa National Mutual Insurance Co., supra.* If additional facts are ascertained which show that the action is not within the coverage of the policy, the insurer is also not obligated to afford a defense. *Hawkeye-Security Insurance Co. v. Iowa National Mutual Insurance Co., supra.*

In the case under review, the facts concerning the insured's intention to harm

Officer Didden are ascertained by the fact of the shooting and would exclude coverage by the insured's homeowner's insurance policy. The trial court did not incorrectly apply the law in concluding the insurer was not required to defend the insured.

Last, appellants claim that, as a matter of public policy, Travelers should be required to defend unless it has knowledge of facts which show conclusively that the acts of its insured fell outside the policy coverage. Even if this is an accurate statement of public policy, such a policy does not require Travelers to defend in this case. As discussed above, the trial court properly found that Cole intentionally shot Officer Didden. Travelers therefore has knowledge of the requisite facts that show that Cole's actions fell outside the policy coverage.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.