AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Plaintiff,

v.

Joseph Gerard NICKERSON, Kevin
Landfried, Candace Landfried,
Defendants.

No. 84–2851C(3).

United States District Court,
E.D. Missouri, E.D.

June 25, 1986.

Stephen D. Hoyne, Amelung, Wulff & Willenbrock, St. Louis, Mo., for plaintiff.

David P. Weiss, Asst. City Counselor, Paul J. Passanante, Richard L. Constance, Associate City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court to determine the merits of plaintiff's claim after a one-day bench trial.

In general, plaintiff seeks a declaration that a homeowner's insurance policy it issued to Joseph and Nancy Nickerson (a) does not render plaintiff liable for personal injuries allegedly suffered by Kevin and/or Candace Landfried; (b) does not cover any liability for which Joseph Nickerson may be held; and (c) does not obligate plaintiff to defend or investigate the Landfrieds' claim(s) against Joseph Nickerson. The Landfrieds acknowledge that their interests in this proceeding coincide with the interests of defendant Joseph Nickerson, and the Landfrieds did not separately present any evidence during trial.

Having carefully considered the pleadings, stipulations, evidence, and arguments presented by the parties, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. American Family Mutual Insurance Company (American Family) is a Wisconsin corporation, having its principal place of business in Wisconsin and it is authorized to conduct insurance business in Missouri.

2. Joseph Gerard Nickerson is a citizen of the State of Missouri, residing in the City of St. Louis, Missouri.

3. Joseph Gerard Nickerson was, on January 29, 1984, and he is now, a commissioned police officer of the City of St. Louis.

4. Kevin Landfried and Candace Landfried are husband and wife and citizens of the State of Illinois.

5. On January 29, 1984, there was in force and effect a homeowner's policy of insurance issued by American Family to Joseph and Nancy Nickerson, known as policy number 24–PO3522–01 which was effective from May 15, 1983, to May 15, 1984.

6. American Family policy no. 24–PO3522–01 provided under "Liability Coverages-Section II Coverage D–Personal Liability Coverage," the following:

*We* will pay, up to *our* limit of liability, all sums for which any *insured* is legally liable because of *bodily injury* or *property damage* covered by this policy.

*We* will defend any suit for damages, provided the suit resulted from *bodily injury* or *property damage* not excluded

under this coverage. *We* may investigate and settle any claim or suit that *we* decide is appropriate. *We* are not obligated to provide a defense after *we* have paid an amount equal to *our* limit of liability.

(emphasis in the original).

7. Under "Exclusions-Section II" of American Family's policy no. 24–PO3522–01 there is provided that "1. Coverage D–Personal Liability and Coverage E–Medical Expense do not apply to *bodily injury* or *property damage:*

"a. which is expected or intended by any *insured;* [or]

"b. arising out of *business* pursuits of any *insured,* except:

"(1) activities normally considered non-business; or

"(2) the occasional or part-time *business* activities of any self-employed *insured* under 19 years of age."

(emphasis in the original).

8. The policy defined "business," in relevant part, as "any full or part-time trade, profession or occupation and the use of any part of any premises for such purposes[.]" No. 5 under Definitions, p. 1 of policy no. 24–PO3522–01.

9. The policy does not mention acts in self-defense as covered or excluded acts.

10. Kevin Landfried and Candace Landfried have filed in the Circuit Court of the City of St. Louis, Missouri, as cause no. 842–02068, their multi-count petition seeking damages from defendant Joseph Nickerson for alleged injuries claimed to have occurred January 29, 1984, in the City of St. Louis, Missouri, when defendant Joseph Nickerson is alleged to have discharged a revolver at defendant Kevin Landfried, thereby allegedly injuring him. In that case, the Landfrieds seek actual and punitive damages totalling more than $2 million for Joseph Nickerson's allegedly negligent and intentional conduct during the incident.

11. Defendant Nickerson was trained with a .38 Smith and Wesson revolver as a part of police training, and in January of 1984 he possessed a department issued .38 Smith and Wesson revolver, and he also owned a .38 Smith and Wesson revolver which was an off-duty weapon.

12. Defendant Nickerson was furnished department issued ammunition which he was required to use in his off-duty weapon by regulation of the police department.

13. Exactly what occurred just prior to the shooting is disputed by the parties. For purposes of this declaratory judgment action, the Court determines that (a) at about 1:00 a.m. on January 29, 1984, on a street near the Nickerson home in St. Louis, Missouri, Kevin Landfried was sitting in the driver's seat of his 1967 automobile with the car's engine running and parking lights on; (b) the Landfrieds' car had Illinois license plates; (c) the Nickersons arrived home at about 1:00 a.m. on January 29, 1984; (d) due to several burglaries in the Nickersons' neighborhood, the appearance of Mr. Landfried and the Landfrieds' car, the hour, and thinking that this might be a getaway car for a burglary in progress, Mr. Nickerson retrieved his loaded off-duty revolver and alone approached the Landfrieds' car with his revolver in his hand; (e) Mr. Nickerson identified himself as a St. Louis police officer and displayed his police identification; (f) Mr. Nickerson directed Mr. Landfried to get out of the car; (g) due to Mr. Nickerson's belief that Mr. Landfried was reaching for or attempting to use a weapon, Mr. Nickerson fired a shot as Mr. Landfried moved; (h) Mr. Landfried was shot in the face, arrested for assault, and taken to a hospital for treatment; and (i) as he had been trained to do by the police department for the City of St. Louis, Mr. Nickerson shot his weapon with the intention of disarming Mr. Landfried and protecting himself.

14. After the shooting incident, Joseph Nickerson considered Kevin Landfried as in custody, under arrest for suspicion of assault, and a warrant application was prepared and submitted through police department channels to the Circuit Attorney of the City of St. Louis.

15. Upon being notified of the pending state court action, plaintiff reserved its rights under homeowner's policy no. 24–PO3522–01, and notified Joseph Nickerson

of its determination that (a) Mr. Nickerson was acting in his capacity as a police officer during the incident and thus his actions were excluded by the terms of the policy; (b) that Mr. Nickerson's acts were intentional and thus excluded by the policy's terms; and (c) the policy provided no coverage for punitive damages.

### Conclusions of Law

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

2. The Court must apply Missouri law to determine the issues presented in this diversity case. *See Wolgin v. Simon,* 722 F.2d 389, 391 (8th Cir.1983).

3. Missouri courts have found that exclusionary language similar to the "business pursuits" exclusionary language in this policy is unambiguous. *MFA Mutual Ins. Co. v. Nye,* 612 S.W.2d 2, 3 (Mo.App. 1980). Thus, the Court applies the plain and ordinary meaning and effect of the policy language. *Id.* Whether or not the claim for injuries is excluded under the "business pursuits" policy language depends on whether the insured's conduct was incidental to his employment. *North River Ins. Co. v. Poos,* 553 S.W.2d 500, 501 (Mo.App.1977). When the claimed injury is the rational consequence of an act incidental to the insured's employment, then the "business pursuits" language excludes coverage by the homeowner's policy. *Id.* at 501–02, *citing Blatt v. Metropolitan Life Ins. Co.,* 413 S.W.2d 533 (Mo.App.1967).

4. Here, the Landfrieds' claimed personal injuries are a "rational consequence" of a gun fired at Kevin Landfried. The relevant question, then, is whether Joseph Nickerson's conduct in firing the gun was "incidental to his employment."

5. The conduct of Joseph Nickerson in investigating the circumstances surrounding the presence of Kevin Landfried; in approaching Kevin Landfried while carrying a loaded revolver; in identifying himself as a police officer; in confronting Kevin Landfried and demanding that he exit his vehicle and explain his presence; and in firing the gun, were acts done in or

closely related to Joseph Nickerson's capacity as an officer of the police department of the City of St. Louis. Accordingly, under the circumstances, the conduct was incidental to Joseph Nickerson's employment and the claim presented in *Landfried v. Nickerson* in the Circuit Court of the City of St. Louis falls within the "business pursuits" exclusion of the policy. The Court construes the police manual as imposing on a police officer an off-duty responsibility of the kind involved here as incidental to the police officer's employment and arising out of the officer's business pursuits. While the police manual frequently reflects an effective date of April 1, 1984, for its provisions, the testimony of the records custodian for the police department and of defendant Nickerson was that the policy was in effect during 1984.

6. Nickerson's reliance on a requirement that conduct of the insured be found to have a "profit motive" if it is to be excluded by "business pursuits" language, *citing Salerno v. Western Casualty & Surety Co.,* 336 F.2d 14 (8th Cir.1964), is not persuasive. In *North River, supra,* the Missouri Court of Appeals found a causal connection between the injury and the insured's employment sufficient without a profit motive for a determination that the insured's act was "incidental to [the insured's] employment." *North River, supra,* 553 S.W.2d at 501–02.

7. The conduct also falls within the policy's language excluding acts "which [are] expected or intended by any insured[.]" The Missouri Court of Appeals, in construing similar policy language, has found that

> [i]njury or damage is intentional if the insured acts with the specific intent to cause harm or if the insured's intent to harm is inferred as a matter of law from the nature or character of the act.... Intent to harm is inferred if the natural and probable consequences of an act are to produce harm.

(citations omitted). *Travelers Ins. Co. v. Cole,* 631 S.W.2d 661, 664 (Mo.App.1982). Here, there is no evidence or contention

that Joseph Nickerson did not know the gun was loaded or did not think serious injury would result if the loaded gun was fired while pointed at another person. *Cf. id.* at 664. The discharge of the loaded gun while aimed at an individual "was a dangerous act from which harm was almost certain to result." *Id.* Accordingly, the conduct of Joseph Nickerson was "expected or intentional" and is thus excluded by the policy's language.

8. Defendant Nickerson argues that self-defense allows coverage of an "intentional" act otherwise specifically excluded by an insurance policy, *citing Transamerica Ins. Group v. Meere,* 143 Ariz. 351, 694 P.2d 181, 185–86 (1984); *Allstate Ins. Co. v. Novak,* 210 Neb. 184, 313 N.W.2d 636, 641 (1981). Defendant Nickerson acknowledges that neither Missouri law nor the insurance policy at issue here provides coverage for "self-defense" conduct. While not addressing any issues that may be raised in the underlying state court action, this Court is not persuaded that this is an appropriate instance for the construction or inclusion of a clause that is now non-existent in the insurance contract. Accordingly, "self-defense" will not constitute a basis for finding coverage by the insurance policy at issue here.

9. The facts which establish that the claim arises out of conduct within Joseph Nickerson's "business pursuit" and which established that the injury was "expected or intended from the standpoint of the insured" are presently known and ascertainable, and therefore, American Family has no coverage under its policy and no duty to defend Joseph Nickerson despite the alleged theory of negligence set forth in the petition in *Landfried v. Nickerson,* Circuit Court of the City of St. Louis, Missouri. *Travelers Ins. Co., supra,* 631 S.W.2d at 664; *Hawkeye-Security Ins. Co. v. Iowa National Mutual Ins. Co.,* 567 S.W.2d 719 (Mo.App.1978).

10. There is no coverage under the policy for punitive damages. *Schnuck Markets, Inc. v. Transamerica Ins. Co.,* 652 S.W.2d 206 (Mo.App.1983); *Crull v. Gleb,* 382 S.W.2d 17 (Mo.App.1964).

## JUDGMENT

A memorandum dated this day is hereby incorporated into and made a part of this judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be and the same is entered in favor of plaintiff, American Family Mutual Insurance Company, and against defendants, with costs assessed against defendants.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that American Family Mutual Insurance Company is not obligated under its policy to defend Joseph Nickerson in the lawsuit filed by the Landfried defendants and now pending in the Circuit Court of the City of St. Louis, cause no. 842–02068.