AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellee,

v.

Joseph Gerard NICKERSON, Kevin Landfried and Candace Landfried, Appellants.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellee,

v.

Joseph Gerard NICKERSON, Appellant,

Kevin Landfried and Candace Landfried.

Nos. 86–1936, 86–2017.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1987.

Decided Feb. 24, 1987.

John Masteller, Paul J. Passanante, St. Louis, Mo., for appellant.

Stephen D. Hoyne, St. Louis, Mo., for appellee.

Before HEANEY, McMILLIAN, and FAGG, Circuit Judges.

**PER CURIAM.**

This declaratory judgment action involves the interpretation under Missouri law of the "business pursuits" exception in an American Family Mutual Insurance Company homeowners policy. The district court after a one-day bench trial held that American Family had no duty to indemnify or defend policyholder Joseph Nickerson in a state court action brought against him by Kevin and Candace Landfried, 657 F.Supp. 2 (E.D.Mo.1986). Nickerson and the Landfrieds appeal, and we affirm.

Nickerson, an off-duty police officer, was returning home from a social engagement one evening when he observed down the street a man sitting in a car with the motor running and only the parking lights on. Because of the time, the appearance of the man and the car, and a recent incidence of burglaries in his neighborhood, Nickerson felt another burglary likely was in progress. Thus, he fetched his off-duty revolver and approached the car, which turned out to be occupied by Landfried. Nickerson showed his badge and identified himself as a police officer, invoking his authority as an officer to order Landfried out of the vehicle.

At some point during the confrontation Landfried made what Nickerson took to be a move for a weapon, and Nickerson reacted by shooting Landfried in the face. Landfried and his wife, who had been in Nickerson's neighborhood to visit friends, sued Nickerson in state court, and American Family brought this diversity action seeking a declaration of its rights under the homeowners policy issued to Nickerson.

The American Family homeowners policy provides that American Family has no coverage obligation when an insured's liability arises out of "business pursuits * * * [other than] activities normally considered non-business." Analysis of coverage under this clause thus involves two steps: first, a determination whether the insured was engaged in a business pursuit at the time he caused injury; and second, a determination whether the insured's business-related conduct nonetheless should be covered because his activities were of a nature ordinarily incident to nonbusiness pursuits. *Dieckman v. Moran*, 414 S.W.2d 320, 322 (Mo. 1967).

An insured will be found to have been engaging in business pursuits when his activities were "incidental to his employment." *North River Ins. Co. v. Poos*, 553 S.W.2d 500, 501 (Mo.Ct.App.1977). Nickerson argues that in approaching Landfried while off duty he was not undertaking to fulfill his duties as a police officer. Nickerson contends he was instead acting incidental to his status as a homeowner, father, and neighbor. The district court rejected this argument, relying on Nickerson's invocation of his official authority and on a police manual imposing on officers, even while off duty, the obligation to respond to suspected criminal activity.

We cannot find fault with the court's position.

Nickerson further argues that even if his approach to Landfried was incidental to his employment, his conduct should not be excluded from coverage because protection of property is nonbusiness activity and he was only doing what any homeowner, father, or neighbor would have done in the same situation. As the district court's discussion makes clear, however, Nickerson's conduct was not the conduct of an ordinary homeowner possessing no special training beyond that used in everyday life. *Cf. Western Fire Ins. Co. v. Goodall*, 658 S.W.2d 32 (Mo.Ct.App.1983) (woman with small child sporadically babysat other children for money). *See generally Martinelli v. Security Ins. Co.*, 490 S.W.2d 427, 431–32 & n. 3 (Mo.Ct.App.1972) (collecting examples).

Finally, Nickerson argues the district court misapplied Missouri law when it failed to consider the presence or absence of a profit motive with respect to his approach to Landfried. The court concluded profit motive is irrelevant to a business pursuits determination when the questioned conduct is incidental to the insured's regular employment.

Based on our review of the issues of Missouri law presented on this appeal, we are satisfied that the district court's position is not fundamentally deficient or unreasoned. We thus defer to the district court's interpretations of Missouri law. *See Firemen's Ins. Co. v. Bauer Dental Studio*, 805 F.2d 324, 325 (8th Cir.1986) (per curiam). The record provides substantial support for the district court's determination that the business pursuits exclusion applies to Nickerson's conduct.

In light of our approval of this holding, we need not review the district court's determination that certain other policy exclusions also applied to relieve American Family from any obligation to Nickerson in relation to the incident. We affirm the judgment of the district court.